Judge Nicholas
d-livered the opinion of the courl.
In an action of trespass de bonis asportatis, brought by the plaintiff against the defendants in error, it was proved that M’Qjiiddy, as constable, by direction of Bacon, tinder a distress warrant in favor of Bacon, against Bransom, seized and carried away, among other things, all Bransom’s beds and bedding, and the wearing apparel of his wife and children, which were of the household and domestic manufacture of the wife.
The court, at the instance of the defendants, instructed the jury, that all the statutes, prior to the acts of 1828, exempting certain property from sale under execution or distress warrant, had been repealed by that act, so far as related to distress for rent, and that no property was exempted by that act from seizure and sale by distress for rent, and therefore all the property mentioned was subject to the warrant, and the defendants were justifiable in taking it.
After an attentive examination of the act referred to, we have found nothing whatever to authorize the interpretation given to it by the circuit court. *260 It is true, that, it is entitled ‘an act, to reduce into one. the execution laws of the state;” that, a proviso in its 13th section enumerates certain articles of property that shall be exempt from execution; that it repeals all acts coming within its purview; but, these features, cannot be considered as producing the effect imputed to the act. It no where prescribes the mode of proceeding under distress for rent, and it could with equal, if not greater propriety, be construed to repeal all laws, authorising the collection of rent by distress. There is in truth no just ground for either construction. In most if not all our legislation, the rules of proceeding under execution, and under distress warrants have been kept separate and distinct, and the two subjectsJegislated upon apart from each other. The acts of 1815, and 1820, I. Digest 498, so far as they exempt certain property from distress, are still in force, and no way repealed by either the letter'or spirit of the general execution act of 1828.
Statutes of I«15 an'l 20, which exempt certain property from Stress, have lot been repealed by Hie execoti *n law of 1828.
Monroe and Sanders, for plaintiff; Richardson, for defendants.
For the error committed by the court in tlie instruction given to the jury, the judgment is reversed, and cause remanded for further proceedings, consistent with this opinion.
Plaintiff in error to recover costs.